UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL D. SWEET,
Chapter 7 Bankruptcy Trustee,

Plaintiff,

vs. Cae No. 14-11155

LIBERTY MUTUAL GROUP, INCORPORATED, HON. AVERN COHN

Defendant.
__________________________________/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. 18)**
**AND**
**DISMISSING CASE**

## I. Introduction

This is an insurance case. Plaintiff Samuel D. Sweet, a Chapter 7 bankruptcy Trustee (Trustee), filed a complaint in state court naming Liberty Mutual Group Incorporated (Liberty Mutual) as defendant. The Trustee seeks a declaration of coverage for a water damage claim to a home occurring in January 2013 under a renewed a homeowners policy issued to Reginald and Cassandra Hayes.

As will be explained, Liberty Mutual filed a motion to dismiss and the Trustee filed a motion for leave to file an amended complaint. The Court denied Liberty Mutual's motion and granted the Trustee's motion. (Doc. 15)

Before the Court is Liberty Mutual's motion for reconsideration. (Doc. 18). For the reasons that follow, the motion will be granted.

## II. Legal Standard

E.D. Mich LR 7.1(h)(3) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997)(citing Webster's New World Dictionary 974 (3rd ed. 1988)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. Czajkowski v. Tindall & Associates, P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## III. Background

The Trustee filed this declaratory judgment action to recover benefits under LibertyGuard Deluxe Homeowners Policy No. H37-248-320390-400, effective February 28, 2012 to February 28, 2013, issued to Reginald G. Hayes and Cassandra R. Hayes for a January 29, 2013 water loss claim.

Liberty filed a Motion to Dismiss (Doc. 3 ) that principally argued that the Trustee lacked standing to pursue this action because the water loss claim was not property of the Hayes' bankruptcy estate. In denying Liberty's motion, the Court found that the water loss claim is the property of the Hayes' Bankruptcy Estate because it is a "a pre petition (pre reopened) asset, not a post petition asset." (Doc. 15). Liberty says this

ruling was in error because the Court did not apply or misapplied the "sufficiently rooted" test followed by the Sixth Circuit[1] in finding that the water loss claim was property of the estate such that the Trustee could bring a claim against Liberty for denial of coverage for it.

**IV. Discussion**

In determining whether an asset is "property" of a bankruptcy estate, courts, including the Sixth Circuit, analyze whether the asset is "*sufficiently rooted in the pre-bankruptcy past*" of the debtor. Tyler v. DH Capital Management, Inc., 736 F.3d 455 (6th Cir. 2013) citing In re Edmonds, 263 B.R. 828, 830 (E.D. Mich. 2001); In re Richards, 249 B.R. 859, 861 (Bankr. E.D. Mich. 2000) (emphasis added). Application of the test considers the following: "First, pre-petition conduct or facts alone will not "root" a claim in the past; there must be a prepetition violation." Tyler at 462. "Second, all causes of action that hypothetically could have been brought pre-petition are property of the estate." Id. Finally, "the entire cause of action is property of the estate, even if further post-petition damages were incurred." Id.

In Tyler, supra, in 2010 Chase Bank assigned a debt owed by Tyler, the debtor, to a debt collector. The debt collector assigned the debt to DHC, who sued Tyler on March 23, 2011. Tyler filed for bankruptcy on June 28, 2011 and was granted a discharge on October 4, 2011. On October 12, 2011, DHC served Tyler with the complaint in the debt-collection action. The debt collection action was voluntarily dismissed on October 18, 2011 when DHC learned of Tyler's bankruptcy. Tyler filed a

---

[1]This argument was first presented in a supplemental filing to Liberty's motion to dismiss. See Doc. 14.

FDCPA lawsuit against DHC on March 9, 2012.

The Sixth Circuit found that the cause of action was viable when the underlying complaint was filed, not at the time Tyler was served with the complaint. Because the complaint was filed prior to the filing of the debtor's bankruptcy petition and commencement of the bankruptcy proceeding, the FDCPA cause of action was a pre-petition claim. Accordingly, the debtor's FDCPA claim was property of the bankruptcy estate and only the bankruptcy trustee had standing to pursue the FDCPA claim.

In Pram Nguyen ex. rel. U.S. v. City of Cleveland, 2004 WL 3508198 (N.D. Ohio, July 15, 2014) the district court considered whether a cause of action is property of the bankruptcy estate. The district court found that "Plaintiff's CAA claim that arose from conduct occurring from the time he filed his bankruptcy petition in 2005 until his filed his Complaint in 2009 constituted a cause of action for post petition conduct; therefore it was not property of the bankruptcy estate." Pram Nguyen at *7. The district court recognized that "only those cause [sic] of action belonging to th debtor when the bankruptcy petition is filed are property of the bankruptcy estate to be administered by the trustee. Id. at * 6.

Liberty says that application of the "sufficiently rooted" test requires dismissal of the complaint. Liberty says that the January 29, 2013 water loss claim is a post-petition claim and is not property of the Hayes' bankruptcy estate. Liberty points out, correctly, that under Michigan law, "a cause of action for breach of contract accrues when the breach occurs, i.e. when the promisor fails to perform under the contract." Tenneco Inc. v. Amerisure Mut. Ins. Co., 281 Mich. App. 429, 458, 761 N.W.2d 846 (2008).

Here, while the Trustee seeks declaratory relief, the water loss claim is essentially a breach of contract claim, i.e. to the extent that Liberty breached the Liberty policy by failing to pay the Hayes' water loss claim, the water loss claim accrued on February 21, 2013 when Liberty denied the claim. Liberty also says that there could not have been a pre-petition violation because the water damage did not even take place until January 29, 2013; over one year after the bankruptcy petition was filed on January 17, 2012. The Bankruptcy Code states that a bankruptcy proceeding is commenced upon the filing of a petition. 11 U.S.C. § 301(a). The re-opening of a bankruptcy proceeding does not re-start the bankruptcy proceeding or change the date the bankruptcy proceeding was commenced.[2]

In response, the Trustee simply says that "Liberty's 'sufficiently rooted' argument is not dispositive;" the Trustee has not addressed Liberty's argument that the correct application of the "sufficiently rooted" test results in a materially different outcome and disposition of Liberty's original motion to dismiss.

The Trustee does argue, as he did in responding to Liberty's motion to dismiss, that even if he is not able to prosecute this action because he lacks standing, dismissal is improper because Rule 17(a)(3) allows for substitution of the parties. This argument is unavailing. In Zurich Ins. Co. v. Logitrans, Inc., 297 F.3d 528, 531 (6th Cir. 2002), the Sixth Circuit considered the interplay between Rule 17 and standing. The plaintiff, Zurich, brought a negligence-based subrogation action against defendant, Logitrans.

---

[2]The Court may have strayed in its original view of the issue in focusing on the property itself and who had an interest in the property at various times rather than considering the date of the loss and Liberty's denial of coverage relative to the status of the Hayes' bankruptcy.

Zurich sued as Lear Corporations purported subrogee. However, Zurich never issued a policy to Lear nor paid any money to Lear. Weeks prior to trial, Zurich conceded it was not the party in interest and moved to substitute another party, American Guarantee, as the real party in interest. One of the defendants moved to dismiss. The district court granted the motion and denied Zurich's motion to substitute. The Sixth Circuit affirmed. The Court of Appeals held that "[i]n order for a federal court to exercise jurisdiction over a matter, the party seeking relief must have standing to sue." Id. at 531. The Court of Appeals further noted that "Article III standing is a jurisdictional requirement that cannot be waived…." Id. The Court of Appeals continued, holding that the "Federal Rules of Civil Procedure cannot expand the subject matter jurisdiction of the federal courts beyond the limits of the U.S. Constitution." Id. citing 28 U.S.C. § 2072(b). As such, Rule 17(a) "must be read with the limitation that a federal district court must, at a minimum arguably have subject matter jurisdiction over the original claims." Id. Thus, the Sixth Circuit has held that where a party has no standing to bring an action in the first place, it also has no standing to make a motion to substitute the real party in interest. Id.

Here, as in Logitrans, the civil action was filed by a party that lacks standing. Just as Zurich had no claim against Logitrans, the Trustee has no claim against Liberty, and therefore has no Article III standing to sue. Because the Trustee lacks standing, he cannot move to substitute the real party in interest – the Hayes – as plaintiffs.

The Trustee also says that the estate has an insurable interest in the Hayes' residence which is sufficient to create standing to assert coverage for the water loss claim. The Trustee says that the estate had an insurable interest in the home at the

time the Liberty policy became effective on February 28, 2012 because the Hayes' interest in the home transferred to the estate when the petition was filed on January 17, 2012. This argument does not carry the day. The Liberty policy, effective February 28, 2012 to February 28, 2013, was not in effect at the commencement of the Hayes' bankruptcy. The policy was a separate policy, albeit a renewal, from the policy in effect at the time the Hayes filed for bankruptcy.

In the end, as in Tyler and Pram Nguyen, the water loss claim at issue in this action accrued post-petition and is therefore not property of the Hayes' bankruptcy estate. Because only those causes of action belonging to the debtor when the bankruptcy petition is filed are property of the bankruptcy estate which can be administered by the trustee, a bankruptcy trustee may not sue upon claims not belonging to the bankruptcy estate. In re Cannon, 277 F.3d 838, 853 (6th Cir. 2002); Cissell v. Am. Home Assur. Co., 521 F.2d 790, 792 (6th Cir. 1975). Accordingly, because the water loss claim does not constitute property belonging to the Hayes' bankruptcy estate, the Trustee lacks standing to sue Liberty and the complaint must be dismissed under Fed. R. Civ. P. 12(b)(1).

## V. Conclusion

Liberty has demonstrated that a palpable defect exists and the correction of that defect results in a different disposition of the case. The water loss claim is not part of the estate. Reconsideration of Liberty's motion is warranted. For the reasons stated above, Liberty's motion for reconsideration is GRANTED.

Having so reconsidered, Liberty's motion to dismiss is GRANTED.

The Trustee's motion to amend is DENIED as MOOT.

This case is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 28, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 28, 2015, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160